MICHAEL BAILEY
United States Attorney
District of Arizona
ERICA L. SEGER
Assistant U. S. Attorney
NICOLE P. SAVEL
Assistant U.S. Attorney
KEVIN C. HAKALA
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: erica.seger@usdoj.gov
Attorneys for Plaintiff



FILED / RECEIVED / LODGED / COPY
AUG 18 2020
CLERK US DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States America, | CR 18-02417-TUC-RCC (LCK) |
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| Ahmad Suhad Ahmad, | |
| Defendant. | |

The United States of America and the defendant agree to the following disposition of this matter:

### PLEA

1. The defendant agrees to plead guilty to Count Two of the Indictment charging the defendant with a felony violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), Possession with Intent to Distribute Heroin; and Count Three of the Indictment charging the defendant with a felony violation of 18 U.S.C. § 842(p)(2)(A), Distribution of Information Relating to Explosives, Devices and Weapons of Mass Destruction. Counts One and Four of the Indictment will be dismissed at sentencing.

### Elements of the Offenses

2. The elements of Possession with Intent to Distribute Heroin are as follows:

a. The defendant knowingly and intentionally possessed a quantity of heroin;

b. The defendant intended to deliver the heroin to another person.

As a sentencing factor, the government would be required to prove the quantity of heroin possessed.

3. The elements of Distribution of Information Relating to Explosives, Devices and Weapons of Mass Destruction are as follows:

    a. The defendant knowingly taught or demonstrated the making and use of an explosive, destructive device, or weapon of mass destruction, or that the defendant knowingly distributed any information related, in whole or in part, to the manufacturing or use of an explosive, destructive device, or weapon of mass destruction; and

    b. The defendant intended that his teaching or demonstration, or the information he distributed, be used for, or in furtherance of, an activity that constitutes a federal crime of violence.

### Maximum Penalties

4. The defendant understands that the maximum penalties for Possession with Intent to Distribute Heroin are a fine of $1,000,000.00, a maximum term of 20 years imprisonment, or both, and a term of between three (3) years and lifetime supervised release.

5. The defendant understands that the maximum penalties for Distribution of Information Relating to Explosives, Devices and Weapons of Mass Destruction are a fine of $250,000.00, a maximum term of 20 years imprisonment, or both, and a term of supervised release of up to five (5) years.

6. The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

7. Pursuant to 18 U.S.C. § 3013, the defendant shall pay a special assessment of $100.00 per felony count. The special assessment is due and payable at the time the defendant enters the plea of guilty, and shall be paid no later than the time of sentencing

unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

## Drug Conviction & Immigration Consequences

8. The defendant understands and acknowledges that pleading guilty may result in the termination or denial of certain food stamp, social security, and other benefits for defendant and the defendant's immediate family pursuant to 21 U.S.C. §§ 862 and 862a.

9. The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if the defendant is a recently naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Although there may be exceptions, the defendant understands that the defendant's guilty plea and conviction for this offense make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. The defendant agrees that he/she has discussed this eventuality with his/her attorney. The defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea entails, even if the consequence is the defendant's automatic removal from the United States.

## STIPULATIONS, TERMS AND AGREEMENTS

### Agreements Regarding Sentencing

10. <u>Acceptance of Responsibility</u>: If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of the sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move the Court for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

11. <u>Sentencing Range</u>: Pursuant to Fed. R. Crim. P., Rule 11(c)(1)(C), the United States and the defendant stipulate that the **defendant's sentence shall not exceed the low end of the sentencing range as calculated under U.S.S.G. § 1B1.1(a).** This stipulated sentencing cap will not change based on departures considered under U.S.S.G. § 1B1.1(b). Nothing in this agreement shall preclude defendant from moving for a downward departure, variance, or sentence below the cap, or the court from imposing a sentence below the cap.

12. The defendant may withdraw from the plea agreement if he/she receives a sentence in excess of the stipulated range listed above.

13. The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve a term of imprisonment or the defendant's sentence may otherwise be altered.

14. The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

15. The defendant understands and agrees to cooperate fully with the United States Probation Office in providing (a) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (b) all financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution; (c) all history of drug abuse which would warrant a treatment condition as part of sentencing; and (d) all history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

16. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement pursuant to Rule 11(c)(5), Fed. R. Crim. P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw defendant's guilty plea.

### Forfeiture

17. Nothing in this plea agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Further, this agreement does not preclude the United States from instituting any civil proceedings as may be appropriate now or in the future.

### Waiver of Defenses and Appeal Rights

18. Provided the defendant receives a sentence in accordance with this plea agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence-including the manner in which the sentence is determined and any sentencing guideline determinations. The sentence is in accordance with this agreement if the sentence imposed does not exceed the low end of the sentencing range as calculated under U.S.S.G. § 1B1.1(a). The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of

ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

### Reinstitution of Prosecution

19. Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by the defendant after the date of this agreement. In addition, if the defendant commits any criminal offense between the date of this agreement and the date of sentencing, the government will have the right to withdraw from this agreement. Any information, statements, documents and evidence which the defendant provides to the United States pursuant to this agreement may be used against the defendant in all such proceedings.

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that were dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings. Defendant agrees that the stipulated sentencing ranges set forth under "Agreements Regarding Sentence" will not be offered if prosecution is re-instituted.

### Plea Addendum

20. This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

///

///

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel; to be presumed innocent until proven guilty beyond a reasonable doubt; and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have been advised by my attorney of the nature and range of the possible sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions. I agree that any Sentencing Guidelines range referred to herein or discussed with my attorney is not binding on the Court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

### Factual Basis and Relevant Conduct

I further agree that the following facts accurately describe my conduct in connection with the offenses to which I am pleading guilty and that if this matter were to proceed to trial the government could prove the elements of the offenses beyond a reasonable doubt. This factual basis is being provided for the limited purpose of establishing a factual basis for the defendant's guilty plea pursuant to Fed. R. Crim. Pro. 11(b)(3) and is not inclusive of all the facts the United States would offer to prove at trial. The defendant, by his signature below, admits and agrees to the facts as set out below:

In January and February of 2017, AHMAD asked an FBI Confidential Human Source (CHS) if the CHS was interested in purchasing heroin, a Schedule I controlled substance, for $35 per gram. According to AHMAD, he was able to get heroin from his own source of supply. On or about February 27, 2017, AHMAD sold the CHS 45.3 grams of heroin for $1,600.00.

Prior to selling the heroin to the CHS, on or about December 22, 2016, AHMAD told the CHS that he knew how to detonate a bomb by using a cellular phone with a removable cellular battery. In April of 2017, AHMAD agreed to show the CHS how to make an explosive device. The CHS informed AHMAD that the purported target was a ranking member of a drug trafficking organization.

On or about April 11, 2017, AHMAD showed the CHS an image on his cellphone that contained instructions on how to construct an explosive device. AHMAD electronically sent the CHS multiple communications with instructions on how to build explosive devices.

On or about April 19, 2017, AHMAD met with the CHS and an undercover FBI agent (UC). AHMAD believed the UC was a member of a drug trafficking organization. AHMAD agreed to travel to Las Vegas, Nevada, to build the explosive device. On April 26, 2017, AHMAD traveled from Tucson, Arizona, to Las Vegas, Nevada, with the CHS and UC. Over the course of several hours, AHMAD built the explosive device and explained to the UC how it worked. AHMAD then guided the UC on how to make a second device. Once both devices were constructed, AHMAD explained how they operated. AHMAD believed the devices would be used on the intended target from Mexico when the target would be in the United States.

As alleged in Count 3 of the Indictment, AHMAD provided the recipes and instructions with the intent that the information be used for, and in

- 8 -

furtherance of, an activity that constitutes a federal crime of violence, that is, using a weapon of mass destruction, in violation of 18 United States Code, Section 2332a(a), all in violation of Title 18, United States Code, Sections 842(p)(2)(A) and 844(a)(2).

9/18/20
Date

AHMAD SUHAD AHMAD
Defendant

DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

9/18/20
Date

WALTER I. GONCALVES JR.
JORDAN MALKA
Attorneys for Defendant

///
///
///

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

MICHAEL BAILEY
United States Attorney
District of Arizona

**ERICA SEGER** Digitally signed by ERICA SEGER
Date: 2020.08.17 13:09:37 -07'00'

_____   _____
Date                        ERICA L. SEGER
                            NICOLE P. SAVEL
                            KEVIN C. HAKALA
                            Assistant U.S. Attorneys