MICHAEL BAILEY
United States Attorney
District of Arizona
ERICA L. SEGER
Assistant U.S. Attorney
State Bar No. 022681
405 W. Congress St., Suite 4800
Tucson, AZ 85701-5040
Tel. (520) 620-7300
Email: erica.seger@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| United States of America, | CR 18-2417-TUC-RCC |
|---|---|
| Plaintiffs, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| Ahmad Suhad Ahmad, | |
| Defendant(s). | |

The United States of America, by and through counsel undersigned hereby submits its sentencing memo in the above captioned case. For all the reasons detailed below, the government submits that a sentence at the low end of the guideline range is appropriate.

On August 18, 2020, the defendant pleaded guilty to one count of Distribution of Information Relating to Explosives, Devices and Weapons of Mass Destruction in violation of 18 U.S.C. § 842(p)(2)(A) and one count of Possession with Intent to Distribute Heroin; Aiding and Abetting in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C). The plea agreement caps the sentence at the low-end of the calculated guideline range and contains no other agreement regarding sentence.

The Guidelines are no longer mandatory, but they continue to play a critical role in trying to achieve the "basic aim" that Congress tried to meet in enacting the Sentencing Reform Act, namely, "ensuring similar sentences for those who have committed similar

crimes in similar ways." *United States v. Booker*, 543 U.S. 220, 252 (2005); *see also United States v. Crosby*, 397 F.3d 103, 113 (2d Cir. 2005) ("[I]t is important to bear in mind that *Booker/Fanfan* and section 3553(a) do more than render the Guidelines a body of casual advice, to be consulted or overlooked at the whim of a sentencing judge."). "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). The Guidelines range is thus "the lodestar" that "anchor[s]" the district court's discretion. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345-46 (2016) (quoting *Peugh v. United States*, 133 S. Ct. 2072, 2087 (2013)) (internal quotation marks omitted).

The sentencing considerations under 18 U.S.C. § 3553 require this Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant. The Court must also impose a sentence that is sufficient, but not greater than necessary, to comply with the following purposes: to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553.

The Government respectfully submits that a sentence at the low end of the guideline range is necessary to reflect the seriousness and gravity of the defendant's offense conduct, provide just punishment, afford general deterrence, and promote the respect for the law.

### A.    Nature and Circumstances of the Offense

As outlined in multiple pleadings filed in this Court and in the pre-sentence report, the defendant was involved in multiple drug sales and transactions with the CHS in this case. Further, his involvement and representations about his experience building and detonating bombs, his willingness to provide these "recipes" and constructions plans to a

drug cartel reflect the incredibly serious nature of the defendant's offenses.

**B.      History and Characteristics of the Defendant**

It is usually the case that a criminal conviction is not the entire measure of a person, and this case is no different. Family submitted letters attesting to the defendant's character and good works. However, their view of their relative conflicts with the actions of the defendant reflected in the pre-sentence report and the person the defendant claimed to be in conversations with his brother, the CHS, other acquaintances and the UCE. Additionally, the defendant in this case clearly has drug abuse issues that the letters fail to address and the information contained in the presentence report contradicts the letters of support. For example, the presentence report states that the defendant has no contact with his youngest son or his son's mother (PSR ¶ 58) while the letters directly contradict this, in an effort for this Court to impose a lesser sentence.

**C.      The Need to Afford Adequate Deterrence**

As outlined above, the defendant has engaged in criminal behavior involving drugs, weapons and explosives. Despite the various resources provided to the defendant to address his individual issues, he disregarded the consequences. In this particular case, there is nothing about the defendant's unsympathetic conduct that should exempt him from these considerations.

Not only is specific deterrence an important consideration, general deterrence is also important. The defendant engaged in conduct with potentially huge ramifications and risk to the community. The sentence imposed by this Court should send a message to all individuals contemplating providing viable bomb information and recipes to others that this type of conduct carries serious consequences.

**D.      The Need to Avoid Unwarranted Disparities**

The Sentencing Guidelines were promulgated, in significant measure, to minimize disparities in federal sentences. Although those Guidelines are no longer mandatory, the importance of eliminating sentencing disparities remains an important factor that the Court must consider pursuant to 18 U.S.C. § 3553(a)(6).

3

## III.   CONCLUSION

Violent behavior imposes many types of costs on society. Throughout this case and investigation, the defendant discussed a myriad of contacts and connections to drug suppliers and explosives experts, which led to his ability to sell large quantities of drugs and build an explosive device. He reported building and exploding devices while living in Iraq and clearly has the skills to create a dangerous explosive. Although the defendant may have been working with government agency under a ruse, he did not know of the deception and easily could have been working for an individual hoping to truly hurt people.

Wherefore, the United States respectfully requests that the Court impose a sentence at the low end of the guideline range.

**RESPECTFULLY SUBMITTED** on this 8th day of December, 2020.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/ Erica L. Seger*

Erica L. Seger
Assistant United States Attorney

Copy of the foregoing served electronically or by
other means this 8th day of December, 2020, to:

All ECF participants

4